1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR L. SMITH, JR,

                Petitioner,

       v.

DR. HENRY RICHARDS,

                Respondent.

Case No.  C07-5039 RBLKLS

ORDER DENYING MOTION
FOR STAY AND
ABATEMENT AND
GRANTING LEAVE TO FILE
AMENDED PETITION

      This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

      On January 31, 2007, Petitioner filed his habeas corpus petition, seeking to challenge a 2004 order of civil commitment under Washington's sexually violent predator statute.  (Dkt. # 5).  On April 12, 2007, the Respondent filed an answer, requesting that the petition be dismissed with prejudice.  (Dkt. # 10).  On April 24, 2007, Petitioner filed his opposition to the Respondent's answer and a Motion for Stay and Abeyance Pending the Need of Possible Exhaustion of One or More Issues.  (Dkt. # 13).   On the same day, Petitioner filed a proposed Amended Petition, omitting the second and third claims at issue.  (Dkt. # 14).  Respondent opposes the stay.  (Dkt. # 15).

ORDER
Page - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Upon review, it is the Court's recommendation that a stay and abeyance is inappropriate, but the Petitioner should be allowed to delete the unexhausted claims and proceed with his exhausted claims, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

## I.  DISCUSSION

**A.**     **Petitioner's Exhausted and Unexhausted Claims**

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

The parties agree that Petitioner has failed to exhaust his second and third claims because he failed to present the claims to the Washington Supreme Court as distinct issues for review.  Because the mandate in Petitioner's case was entered by the Washington Court of Appeals on October 6, 2006, he may still file a personal restraint petition in that Court to properly exhaust such unexhausted claims. *See* RCW 10.73.090.

When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas corpus* power. *Francis v. Henderson*, 425 U.S. 536, 538-39 (1976).  Rules that promote prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas* court. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Thus, federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273-274.  Instead, such petitions "must be dismissed for failure to completely exhaust available state remedies." *Jefferson v. Budge*, 419 F.3d 1013, 2005 WL 1949886 *2 (9th Cir. 2005) (citing *Rose v. Lundy*, 455 U.S. 509,

ORDER
Page - 2

1    518-22 (1982)).

2            Before dismissing a mixed petition containing both exhausted and unexhausted claims the

3    court is generally required to provide petitioner with "the choice of returning to state court to

4    exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted

5    claims to the district court." *Id.*; *see also Rhines*, 544 U.S. at 278; *Tillema v. Long*, 253 F.3d 494,

6    503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed

7    petition by striking unexhausted claims).  Petitioner requests the Court to stay this action while he

8    returns to state court to exhaust his previously unexhausted claims.  Alternatively, Petitioner requests

9    leave to amend his petition and proceed in this Court.

10

11

12   **B.      Petitioner's Motion for Stay**

13           A district court may issue a stay and abeyance for a mixed petition under very limited

14   circumstances, *i.e.,* if the Petitioner can show good cause for failure to exhaust; if his claims are

15   potentially meritorious; and, if he has not engaged in intentionally dilatory litigation tactics.  *Rhines*,

16   544 U.S. at 277.  If the Petitioner makes such a showing, the district court should exercise its

17   discretion to stay his petition to permit exhaustion.  *Id*.  On the other hand, if the court determines

18   that stay and abeyance is inappropriate, the court should allow the petitioner to delete the

19   unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would

20   unreasonably impair the petitioner's right to obtain federal relief.  *Id.*; *see also Lundy,* 455 U.S. at

21   520.  A petitioner can always amend the petition to delete the unexhausted claims, rather than

22   returning to state court to exhaust all of his claims.  *Id*.

23           The Court finds that a stay and abeyance is not appropriate as Petitioner has not shown good

24   cause for failure to exhaust.  Petitioner claims that his second and third claims are merely extensions

25   of or attempts to expand upon the issues which were expressly raised in the state courts.  Petitioner

26

27

28

ORDER
Page - 3

states that, upon review of the appellate brief filed in state court, it became clear to him that his appellate lawyer had not clearly explained the primary issues as well as she could have.  However, claims must be expressly presented to the Washington Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  Therefore, the Court finds that a stay is not appropriate.

However, Petitioner may amend his petition and proceed with his exhausted claims in this Court.  As Petitioner has filed a proposed amended petition deleting his unexhausted claims, the Court assumes this is the course he wishes to pursue.  **If Petitioner prefers to return to state court to exhaust his unexhausted claims first, he should notify the Court immediately**.

Accordingly, Petitioner's motion for a stay (Dkt. # 13) is **DENIED**; Respondent shall have an additional thirty (30) days to file an answer to Petitioner's Amended Petition (Dkt. # 14).  The answer will be treated in accordance with Local Rule CR 7.  Upon receipt of the Answer the Clerk will note the matter for consideration on the fourth Friday after the answer is filed, Petitioner may file and serve a response not later than on the Monday immediately preceding the Friday appointed for consideration of the matter, and Respondent may file and serve a reply brief not later than on the Thursday immediately preceding the Friday designated for consideration of the matter.

Dated this 14th  day of May, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4